IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIOUSH PARSIA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TD WATERHOUSE SECURITIES, | : | |
| INC., d/b/a TD AMERITRADE, | : | |
| INC., et al. | : | NO. 10-248 |

MEMORANDUM

McLaughlin, J.                                                April 16, 2010

       The plaintiff, Darioush Parsia, proceeding pro se, brought suit against the defendant, TD Waterhouse Securities, Inc., d/b/a TD Ameritrade, Inc., on January 20, 2010, for the defendant's alleged failure on four separate occasions to notify the plaintiff that the defendant bought or sold stocks on the plaintiff's behalf.  The plaintiff claims that he was financially and emotionally harmed by the defendant's failure to send a post-transaction confirmation letter because he could have avoided the stock sales and/or purchases.  The plaintiff brings three claims: breach of contract, breach of the covenant of good faith and fair dealing, and negligence.  He seeks compensatory and punitive damages.

       The plaintiff explains in his complaint that he is a citizen of Pennsylvania and the defendant is a citizen of Nebraska with its principal place of business in Nebraska.  He also states that "the amount in controversy, without interest and costs, succeed[s] the sum or value specified by law."  Nowhere in

the complaint, however, does the plaintiff detail the loss he suffered because of the defendant's failure to send post-transaction letters.

The Court held a hearing on April 16, 2010, on the amount in controversy issue.[1] At the hearing, the plaintiff explained that his actual loss approximates $1000. He argued that the amount in controversy would be greater than $75,000, however, based on his lost opportunity to purchase different stocks, and from punitive damages. The plaintiff's theory of damages is that, had he received the confirmation letters from the defendant,[2] he could have made different stock sales. These different sales might have led to a profit of anywhere from $9,000 to $90,000, depending on the number and the type of stocks that he might have purchased. He explained that his suit merits punitive damages because the defendant's mistake hurt him emotionally and because the defendant should be punished for its mistake.

In order to establish diversity jurisdiction, the plaintiff must demonstrate that the parties are citizens of

---

[1] The Court also heard argument on the defendant's pending motion to compel arbitration.

[2] At the hearing, the plaintiff did not dispute that the defendant was not obligated to send him confirmation letters for the specific sales it made on the plaintiff's behalf. The plaintiff argued, however, that the defendant should have sent these letters out of courtesy.

2

different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  28 U.S.C. § 1332; Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004).  Under Pennsylvania law, punitive damages may be aggregated with claims for compensatory damages, unless the former are "patently frivolous and without foundation," or unavailable as a matter of law.  Golden, 382 F.3d at 355.[3]  Dismissal is justified if it appears to the court to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

The Court finds that the plaintiff's claim is to a legal certainty less than $75,000.  Both parties agree that the actual damages the plaintiff suffered amount to $1000.  Any lost opportunity suffered by the plaintiff is speculative.  A court does not consider claims based on speculation and conjecture when determining the amount in controversy.  Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 543-44 (3d Cir. 1995).

A claim for punitive damages will not help the plaintiff satisfy the amount in controversy requirement.  First,

---

[3] The Court notes that this case may be governed by Nebraska law, rather than Pennsylvania law.  If Nebraska law controls, punitive damages would not be available on the plaintiff's claims because Nebraska law does not provide for punitive damages.  See Abel v. Conover, 104 N.W.2d 684, 688 (Neb. 1960).  The Court does not reach the choice of law issue, however, because even if punitive damages were available, their amount could not satisfy jurisdiction.

3

the plaintiff fails to allege any misconduct by the defendant that would give rise to punitive damages.  Second, even if the plaintiff had alleged facts to support a punitive damages claim, his award would be insufficient for diversity jurisdiction purposes.  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (noting that few punitive awards above a single-digit ratio of compensatory to punitive damages will satisfy due process).

For the reasons herein stated, the plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.  An appropriate order shall issue separately.